## MILLER v. STARK.

1. In action by legatees to recover from another legatee an amount of money paid to her in excess of her share, as found by decree of the Probate Court, the Circuit Judge held that the complaint did not state facts sufficient to constitute a cause of action, but gave plaintiffs leave to amend their complaint by setting out more fully the nature and terms of the settlement, and by alleging more distinctly an original deficiency of assets. *Held,* that the amendment did not substantially change the cause of action and was properly permitted.
2. *Held, further,* that the amended complaint subsequently filed conformed to the requirements of this order.
3. Such an action was properly instituted in the Court of Common Pleas, for the Court of Probate was without jurisdiction, although, in behalf of the executor, an execution might have issued out of the Court of Probate to enforce payment of its decree when rendered.
4. Where a legatee receives more than her share of the assets, it may properly be said that there was an original deficiency of assets, and she may be required to refund the amount received by her in excess of her share.
5. The amount overpaid a legatee is a debt due to the executor, but where the executor is insolvent, the other legatees may proceed directly against the overpaid legatee without first exhausting their remedies against the insolvent executor.
6. In this case, the executor being insolvent and having refused to join in bringing the action, he was properly made a party defendant.
7. Costs, in a chancery case, are within the discretion of the judge.

Before FRASER and PRESSLEY, JJ., Abbeville, February and October, 1887.

This was an action by three of the legatees of N. H. Miller, deceased, against J. Annie Stark, legatee, and Mary C. Miller, executrix. The opinion sufficiently states the case.

*Messrs. Graydon & Graydon,* for appellant.

*Messrs. Perrin & Cothran,* contra.

October 9, 1888. The opinion of the court was delivered by MR. JUSTICE McIVER. Inasmuch as the questions presented by this appeal arise mainly on a demurrer, it will be necessary to

state substantially the allegations of the complaint, which are as follows: 1st. The death and testacy of N. H. Miller and the appointment of executors. 2nd. That the defendant, Mary C. Miller, alone qualified as executrix, collected the assets, paid the debts, and distributed the balance unequally amongst the several parties entitled thereto. 3rd. That testator died, leaving as his devisees and legatees the parties to this action, together with certain others named, all of whom have received their full shares and have no interest in the subject of this action. 4th. That the executrix, Mary C., having refused to join in this action with plaintiffs, is made a defendant. 5th. That the administrator of one of the deceased legatees, on the 20th of February, 1880, filed his petition in the Court of Probate for a settlement of the estate of the testator. 6th. That in pursuance thereof a settlement was made in that court on the 5th day of May, 1881, whereby it was ascertained that the executrix had paid to some of the legatees more, and to others, amongst whom are plaintiffs, less than their shares. 7th. That by reason of these over payments there was a deficiency of assets in the hands of the executrix, amounting to a sum stated, all of which has been paid except the amounts due to the plaintiffs. 8th. That the executrix is insolvent. 9th. That there still remains due to the plaintiffs a certain sum specified in the complaint. 10th. That the defendant, J. Annie Stark, still holds the sum over-paid to her as aforesaid and refuses to refund the same to plaintiffs. 11th. Reference is asked to the record of the settlement, above referred to, in the Court of Probate, as often as need be, to verify the foregoing statements.

At the hearing an oral demurrer was interposed by the defendant, J. Annie Stark, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. Judge Fraser granted an order sustaining the demurrer, with leave to the plaintiffs to amend their complaint within twenty days, "by setting out more fully the nature and terms of the settlement referred to in the complaint, by alleging more distinctly that there was such an original deficiency of assets coming to the hands of Mary C. Miller, executrix, as to make it necessary and proper to call on the said J. Annie Stark to refund the amount

alleged to have been over-paid to her." The order also provided that the plaintiffs have leave to amend in such other particulars as they may be advised, and that on failure to amend within the twenty days the complaint be dismissed.

The plaintiffs, however, did, within the prescribed time, serve an amended complaint, which, in addition to the allegations in the original complaint, contained the following: that by the sixth item of testator's will he directed that, upon his youngest child attaining the age of twenty-one years or marrying, all his estate of every kind and description, except his negroes, should be sold by his executors, and divided amongst his children, or the representatives of such of them as should be dead, in such manner as to make them all equal, taking into account previous advancements, and that by the seventh item of the will, the testator directed that his wife should have as many negroes as she might select not exceeding ten in number; that the legatees, other than plaintiffs, who in the settlement in the court were ascertained to be under-paid, have since been paid from sums refunded by the over paid legatees; "that there was an original deficiency of assets of the said estate to meet the legacies remaining unpaid;" that there still remains due and unpaid to these plaintiffs the sum of $1,486.93, with interest from the 5th of May, 1881, less a credit of their *pro rata* shares of the sum of $505, refunded about 12th March, 1883, by defendant, J. Annie Stark, and distributed amongst all of the legatees; that the executrix has in hand no assets to meet the balances due these plaintiffs; that the real and personal property of the testator was sold under the terms of the will in the year 1874, and the share of each legatee therein was ascertained at the accounting to be $1,434.14; that the defendant, J. Annie Stark, is now due to the estate of the testator, on the amount over-paid her on her legacy, the sum of $336.24, with interest from 12th of March, 1883. Wherefore judgment is demanded that the said J. Annie Stark account for said last mentioned sum and pay over the same to the master for distribution amongst the plaintiffs. It should also have been mentioned that the decree of the Court of Probate on the settlement of the estate, of the 5th of May, 1881, is set out in full as an exhibit to the amended complaint, and a copy thereof appears in the "Case."

After this amended complaint was filed, the defendant, J. Annie Stark, upon due notice, submitted a motion to Judge Pressley to dismiss the amended complaint upon the ground that it did not conform to the order granting leave to amend. Judge Pressley held that the amended complaint did conform to the order, and therefore refused the motion. The same defendant then interposed an oral demurrer upon two grounds: 1st. That it appeared upon the face of the complaint that the court had no jurisdiction of the subject matter. 2nd. That the complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled with ten dollars costs.

The defendant, J. Annie Stark, appeals, *first*, from the order of Judge Fraser granting leave to amend the complaint; *second*, from the order of Judge Pressley refusing her motion to dismiss the amended complaint; and *third*, from the order of Judge Pressley overruling her demurrer. The specific grounds upon which these several appeals are rested, are set out in the record, but they need not be repeated here, as we propose to state them substantially in considering the points which they seem designed to raise.

The ground upon which the order of Judge Fraser is assailed seems to be that, after he had sustained the demurrer and thereby adjudged that the original complaint did not state facts sufficient to constitute a cause of action, there was nothing left to amend by, and hence the order to amend was erroneous. It is quite clear, under the case of *Bischoff* v. *Blease* (20 S. C., 460), that this ground cannot be sustained. The amendment allowed did not change substantially the claim of the plaintiffs, as in the case of *Kennerty* v. *Etiwan Phosphate Company* (21 S. C., 226), relied on by appellant; but as in *Bischoff* v. *Blease, supra,* it simply provided for the insertion of other allegations deemed material to the case made. The distinction between the two cases cited is expressly recognized and pointed out by the Chief Justice in Kennerty's case.

Next, as to the appeal from Judge Pressley's order refusing to dismiss the amended complaint. This is based substantially upon the ground that the amended complaint does not conform to the order granting leave to amend. We have set out above the terms

of Judge Fraser's order, and the substance of the amended complaint, and we must confess our inability to discover any want of conformity. It not only sets out "more fully the nature and terms of the settlement referred to in the complaint"—the settlement in the Probate Court—but incorporates in an exhibit a full copy of the same, and it alleges in terms that there was an original deficiency of assets to meet the unpaid legacies, and the other allegations show that the share of the defendant, J. Annie Stark, of the assets of the estate was much less than the amount which she received. We concur, therefore, with his honor, Judge Pressley, in holding that there was no want of conformity between the amended complaint and the order granting leave to amend.

The grounds of appeal from the order of Judge Pressley overruling appellant's demurrer to the amended complaint, are fourteen in number, but the first five, together with the twelfth and thirteenth, raise the question of jurisdiction. The fundamental propositition upon which these several grounds are based, is that the Court of Probate had jurisdiction of the matter in controversy, and, having assumed such jurisdiction, no other court can take cognizance of the matter. To this proposition we cannot accede. There can be no doubt that, in a proper case, a legatee, as well as a creditor, may pursue the assets of the testator's estate, improperly disposed of by the executor, into the hands of another legatee for the purpose of obtaining satisfaction of his legacy or debt, as the case may be. *Russell* v. *Walker*, Rich. Eq. Cas., 229. And this is, practically, the nature of the present action. Of such an action the Court of Probate has no jurisdiction, and hence we do not see how any of these grounds can be sustained. It may be that when the settlement was made in the Probate Court, by which it was ascertained that the appellant had been over-paid her share of the estate, and had thus become a debtor to the executrix in the amount of such excess over her share, that court might by its execution. issued at the instance of the executrix, have compelled payment to the executrix; but when she refused to take action, and was herself insolvent, the only recourse of the unpaid legatees was to bring their action, as

330    MILLER v. STARK.

they have done, in the Court of Common Pleas against the exe-
cutrix and the legatee who had been over-paid.

The sixth ground is in these words : "Because there was not,
and in the nature of things could not have been, any *original*
deficiency of assets for the payment of legacies." Inasmuch as
the question here arises upon a demurrer, which admits all the
material allegations of the complaint, it might be sufficient to
say, in answer to this ground, that it is distinctly alleged in the
amended complaint that there was an original deficiency of assets.
But counsel for appellant argues that this allegation is directly
contrary to what is stated elsewhere in the complaint. We do
not so understand it, and, on the contrary, it seems to us that
the other allegations of the complaint are sufficient of them-
selves, independent of this distinct allegation, to show that there
was an original deficiency of assets, as we understand those words.
The test is, whether there ever was in the hands of the executrix
assets applicable to the payment of the legacies, to an amount
sufficient to make the share of appellant equal to the amount she
has actually received. If there was, then there was no original
deficiency of assets ; but if there was not, then clearly there was
an original deficiency of assets, and the appellant must refund the
amount which she has received in excess of her share.

Now, it appears from the allegations of the complaint, of which
the settlement in the Probate Court, filed as an exhibit, consti-
tutes a part, that the assets in the hands of the executrix, appli-
cable to the payment of the legatees, amounted only to the sum
of $14,341.45, which, it likewise appears, was divisible into ten
equal parts. The share of appellant, then, could only be $1,-
434.14, but as it also appears that she has actually received $2,-
178.89, it follows necessarily that she has received $744.75 more
than her share ever could have been. Now, if it had appeared
that the assets originally in the hands of the executrix amounted
to $14,341.45, and the appellant had received her full share
thereof—$1,434.14—and all the remainder of the assets had
been lost either by the waste of the executrix or otherwise, leav-
ing nothing with which to pay the other legatees, then the appel-
lant could not have been called upon to refund, because there
was, in the case supposed, no original deficiency of assets, and

she would have received nothing more than she was entitled to. Here, however, it clearly appears that there was an original deficiency of assets, for the assets never did amount to a sum sufficient to make her share thereof equal to the amount she actually received, and hence to the extent of such excess she has received money to which she never was entitled, but which belongs to the other unpaid legatees and must be refunded to them.

The seventh ground is that the complaint fails to show that the plaintiffs have exhausted their remedies against the exccutrix, and the ninth is that, according to plaintiffs' own showing, the amount alleged to be due by appellant is due to the executrix. We are not aware of any authority which requires a legatee who brings his action to compel an overpaid co-legatee to refund, to first exhaust his remedies against the executor. On the contrary, it seems to us, that where, as in this case, the executrix is alleged to be insolvent, it would lead to useless expense and delay to proceed first against one admitted to be insolvent. It is true that in strictness of law the amount over-paid to a legatee is due to the executrix, and it is so set down in the accounting in the Probate Court as due to the executrix, but in equity (and this is a proceeding in equity) the amounts over-paid to legatees are regarded as really due to those who have been under paid; it is really their money which has been improperly paid to others, and equity, looking to substance rather than form, will so regard it and treat it accordingly.

The 8th ground is that the complaint "shows enough assets in the hands of the executrix to pay plaintiffs' alleged claim." We are unable to discover any foundation in fact for this ground. On the contrary, it seems to us that the complaint shows precisely the contrary.

The 10th ground is, "Because the plaintiffs, having the right to force the executrix to collect the assets of the estate, cannot maintain this action." It seems to us that this is, practically, what the plaintiffs are doing. It being alleged in the complaint, and admitted by the demurrer, that the executrix had refused to take action in the matter, the plaintiffs had no other recourse but to bring this action, to which the executrix is made a party, its

object being to obtain that relief which she declined to obtain for them.

The 11th ground is, "Because an action to refund cannot be maintained against one of the legatees, who is alleged to be indebted to the executrix, when the complaint shows that other legatees are so indebted." To say nothing as to whether the question presented by this ground is raised in the proper form, it is sufficient to say that in face of the allegation in the complaint, admitted by the demurrer, that all the other legatees have refunded the amounts over-paid to them, there could be no foundation for this ground.

The 14th ground alleges error in allowing the plaintiffs costs. This has so often been ruled to be a matter of discretion, that it is not necessary to consider it further.

The judgment of this court is, that the several orders appealed from be affirmed.